UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RHONDA LOVE**,

*Plaintiff*,

v.

**CLARITY SERVICES, INC.**,

*Defendant*.

Case No: 8:25-cv-00771

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW**, the Plaintiff, RHONDA LOVE ("Ms. Love"), by and through her undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, CLARITY SERVICES, INC. ("Clarity"), and in furtherance thereof states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Love against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Clarity is subject to this Court's jurisdiction pursuant to § 48.193(1)(a)(1), Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because Clarity committed the acts of which Ms. Love complains in Polk County, Florida which is in the Middle District of Florida.

## PARTIES

### Ms. Love

5. Ms. Love is a natural person over the age of 18 residing in the City of Eagle Lake, Polk County, Florida and is *sui juris*.

6. Ms. Love is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Love

10. At some point in or prior to 2020, Clarity began maintaining a credit file on Ms. Love.

11. On or about July 6, 2020, Clarity began reporting that Ms. Love had obtained a loan from an online lender known as Plain Green. **SEE PLAINTIFF'S EXHIBIT A.**

12. Plain Green makes small-dollar, short-term loans to consumers at interest rates frequently exceeding 400% annually.

13. Plain Green reported the status of the loan as "charged off" on or about June 9, 2021.

14. Ms. Love disputes the accuracy of this tradeline.

15. Plain Green itself requested Clarity to delete the entire tradeline from Ms. Love's credit file by November 22, 2024 at the latest.

16. Despite the data furnisher instructing Clarity to delete any information about the loan from Ms. Love's credit file, Clarity continued to (and continues, as of the date of this filing) incorporate the tradeline into Ms. Love's credit file and include it in the reports it sold about Ms. Love.

17. On or about December 21, 2023, Clarity began reporting that Ms. Love had obtained a loan from an online lender known as Rise Lending.

18. The Rise Lending tradeline appears as "FinWiseBank/Rise" in Ms. Love's credit file.

19. Rise Lending is a financial services company which makes small-dollar, short-term loans at interest rates typically over 100% -- rates which most states, including Florida, consider criminally usurious.

20. As of March 20, 2025, the "Rise Lending" tradeline indicated a "Current Loan Amount" of $3,000, a "Current Balance" of $3,151, a "Past Due" amount of $3,151, a "Next Payment Amount" of $3,151, a "Status" of Charge-Off, and a "Last Updated Date" of October 31, 2024.

21. Thus, as of March 20, 2025, almost five (5) months had passed since Clarity made any update or change to the Rise Lending tradeline.

22. Clarity's information is demonstrably false since, as of November 6, 2024, Rise Lending agreed that Ms. Love's loan was discharged, and she owes $0.

23. Around this time, Rise Lending also instructed Clarity to delete its tradeline from Ms. Love's credit file.

24. Therefore, Clarity should not have included the Rise Lending tradeline in its reports about Ms. Love at all, or alternatively, should have reduced the balance to $0 had it determined it should include the tradeline.

25. Further, the Rise Lending loan called for bi-weekly payments.

26. If a CRA fails to update a tradeline for a loan that requires a consumer to make biweekly payments for almost five (5) months, the information about that loan is highly likely to be inaccurate.

27. The Plain Green and Rise Lending tradelines are the *only* negative tradelines appearing in Ms. Love's credit file with Clarity.

28. Clarity's inclusion of such inaccuracies in Ms. Love's credit file is far from an isolated incident, as many of Clarity's consumer files contain information about loans with weekly or bi-weekly payment terms that have remained without update for three (3) years or more.

29. Unless Clarity requires lenders that issue loans with bi-weekly payment terms to update their tradelines on a regular basis, a considerable number of reports will contain outdated information.

30. The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders like Plain Green and Rise Lending.

31. As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

32. While Experian enforces "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

33. Metro 2 standards also *require* data furnishers to update accounts with a balance at least once a month, but Clarity has no such standards in place.

34. Clarity included other inaccurate information in Ms. Love's credit file in addition to the Plain Green and Rise Lending tradelines.

35. For example, on or about December 21, 2023, Clarity incorporated both "OWN" and "RENT" under the heading "Housing Status" into Ms. Love's credit file.

| Housing Status | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| OWN | 12/21/2023 11:34:48 am EST 4t55t5y1ea | 2/1/2024 9:13:53 am EST bzhgaynhfw | 7 |
| RENT | 12/21/2023 10:25:01 am EST tkr98rhcaf | 1/30/2024 12:23:51 pm EST m9dbdq0awp | 3 |

36. It is impossible for Ms. Love to both own and rent her home at the same time.

37. As another illustration of Clarity's lack of quality control, only one address is associated with Ms. Love's credit file, but Clarity incorporated the same address twice and erroneously included the city, state, and zip code twice in the same entry.

| Home Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ████████ EAGLE LAKE FL 33839 | 7/5/2020 11:02:42 am EDT k1xsa1ywq5 | 2/1/2025 3:31:26 pm EST 02z2gceant | 22 |
| ████████ EAGLE LAKE FL 33839 EAGLE LAKE FL 33839 | 6/12/2024 8:51:10 am EDT 61pewkvpfy | 6/12/2024 8:51:10 am EDT 61pewkvpfy | 1 |

38. Clarity even included "0 Months" under the header "Months at Address" in Ms. Love's credit file, indicating Ms. Love had spent zero time at her current address.

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 9/14/2022 10:14:34 am EDT qyjeyfeh55 | 2/1/2024 9:09:02 am EST tccymnweea | 9 |

39. Clarity likewise incorporated "0 Months" under the header "Months at Employer" into Ms. Love's credit file on or about September 14, 2022, but "72 Months" on or about February 1, 2021.

| Months at Employer | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 9/14/2022 10:14:34 am EDT qyjeyfeh55 | 2/1/2024 9:09:02 am EST tccymnweea | 6 |
| 72 Months | 2/1/2024 9:13:22 am EST ytpawj9sbc | 2/1/2024 9:13:53 am EST bzhgaynhfw | 3 |

40. Upon information and belief, "0 Months" is a mere placeholder Clarity's systems automatically insert into a consumer's credit file when the data furnisher fails to supply a value or supplies it in a manner Clarity's systems cannot parse.

41. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

### Clarity Fails to Make a Reasonable Investigation

42. Unlike its parent company, Clarity does not provide consumers with the ability to dispute inaccurate information online and consumers must send disputes by mail.

43. Clarity does not utilize e-OSCAR, an online platform designed to resolve consumer disputes quickly, efficiently, and effectively.

44. Consequently, Clarity must utilize more labor-intensive methods to investigate disputes.

45. On or about February 22, 2025, Ms. Love mailed a dispute to Clarity in which she stated she disputed the accuracy of the Plain Green and Rise Lending tradelines. **SEE PLAINTIFF'S EXHIBIT C.**

46. Clarity received Ms. Love's dispute on or about February 25, 2025. **SEE PLAINTIFF'S EXHIBIT D.**

47. In her dispute, Ms. Love included the names of the creditors.

48. Upon receipt of Ms. Love's dispute, the FCRA required Clarity to make a reasonable investigation into her dispute and report the results of the investigation back to her within 30 days. *See* 15 U.S.C. § 1681i(a)(1)(A).

49. On or about February 27, 2025, Clarity responded to Ms. Love and asked her to "[i]dentify disputed information (name of lender, inquiry date, account number, inaccurate personal info, etc.)" and "[r]eason for dispute." **SEE PLAINTIFF'S EXHIBIT E.**

50. Ms. Love had already provided the names of the lenders as well as her reasons for the dispute in sufficient detail for Clarity to initiate the dispute.

51. Clarity should not have had any trouble identifying the two tradelines Ms. Love disputed as they were *the only* tradelines in her report.

52. Therefore, Clarity failed to make a reasonable investigation as required by the FCRA, § 1681i(a)(1)(A), since it failed to conduct any investigation at all.

53. The fact Clarity did not investigate Ms. Love's disputes is patently *unreasonable*.

54. Clarity frequently fails to investigate consumer disputes, either ignoring them completely or, sometimes, sending a form letter to the consumer stating it could not identify what was being disputed, even when the consumer's dispute is readily identifiable. *See, e.g.*, *Tammy Owens vs. Clarity Services, Inc.*, filing #207635431, Hillsborough County, Florida, September 25, 2024 (dispute with copy of tradeline from report resulted in Clarity stating it could not identify what account was being disputed).

55. The FCRA is clear in its requirement that, as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. §1681e(b).

56. The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of the information Clarity reported concerning Ms. Love.

57. When it sold reports regarding Ms. Love in the past two years, including many reports Clarity sold about Ms. Love after receiving her February 2025 dispute, Clarity knew, or should have known, that even under a best-case scenario it was selling out-of-date information it had gathered without regard to accuracy or completeness.

58. As a result of Clarity's actions, Ms. Love suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation, in addition to wasted time and the postage expenses she incurred while attempting to correct her credit file.

59. Ms. Love has hired the undersigned law firm to represent her in this matter and has assigned it her right to fees and costs.

## COUNT I
## **CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)**

60. Ms. Love adopts and incorporates Paragraphs 1 – 59 as if fully restated herein.

61. Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold about Ms. Love, as it sold consumer reports that contained out-of-date tradeline information for two (2) loans for which Clarity should have deleted the tradeline or updated them to reflect a $0.00 balance.

62. Clarity further violated 15 U.S.C. § 1681e(b) when it sold consumer reports about Ms. Love that contained inaccurate personal information.

63. Numerous consumers have sued Clarity for similar violations, and Clarity knows that it frequently sells reports with out-of-date, false tradeline information.

64. Clarity's conduct was either willful, or performed with a reckless disregard for Ms. Love's rights under the FCRA.

65. As a result of its conduct, Clarity is liable to Ms. Love for the greater of Ms. Love's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorney's fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Love respectfully requests this Honorable Court enter judgment against Clarity for:

    a. The greater of Ms. Love's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
**(Pled in the Alternative to Count I)**

66. Ms. Love adopts and incorporates Paragraphs 1 – 59 as if fully restated herein, and pled strictly in the alternative to Count I.

67. Clarity owed Ms. Love a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold about Ms. Love pursuant to 15 U.S.C. § 1681e(b).

68. Clarity breached this duty when it sold consumer reports about Ms. Love that contained out-of-date tradeline information for two (2) loans for which Clarity

should have deleted the tradeline or updated them to reflect a $0.00 balance, as well as other inaccurate personal information.

69. Clarity acted negligently and pursuant to 15 U.S.C. § 1681o, Ms. Love is entitled to her actual damages, attorney's fees, and costs.

70. **WHEREFORE**, Ms. Love respectfully requests this Honorable Court enter judgment against Clarity for:

　　a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

　　b. Reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

　　c. Such other relief that this Court deems just and proper.

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

71. Ms. Love adopts and incorporates Paragraphs 1 – 59 as if fully restated herein.

72. 15 U.S.C. § 1681i(a)(1)(A) required Clarity to conduct a reasonable investigation regarding Ms. Love's dispute of the Plain Green and Rise Lending tradelines.

73. Clarity failed to conduct any investigation at all regarding Ms. Love's dispute of the Plain Green and Rise Lending tradelines, reasonable or otherwise.

74. Clarity's conduct was a result of its typical practice, which frequently results in Clarity not investigating a consumer's dispute or requesting information the consumer already provided.

75. Clarity's conduct was thus willful and intentional, or, alternatively, performed with a reckless disregard for its duties to conduct a reasonable investigation of consumer disputes pursuant to the FCRA.

76. Accordingly, Clarity is liable to Ms. Love for the greater of her actual and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Love respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Ms. Love's actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorney's fees pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT IV
### CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)
(Pled in the Alternative to Count III)

77. Ms. Love adopts and incorporates Paragraphs 1 – 59 as if fully restated herein.

78. Clarity owed Ms. Love a legal duty to conduct a reasonable investigation regarding her dispute of the Plain Green and Rise Lending tradelines pursuant to 15 U.S.C. § 1681i(a)(1)(A).

79. Clarity breached this duty when it failed to investigate Ms. Love's dispute.

80. Therefore, Clarity acted negligently, and Ms. Love is entitled to her actual damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Love respectfully requests this Honorable Court enter judgment against Clarity for:

a. Ms. Love's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on March 28, 2025, by:

**SERAPH LEGAL, P.A.**

*/s/ Megan A. Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar No.: 1005213
MRosenberg@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 404)
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A. Plain Green Tradeline
B. FinWise Bank/Rise Tradeline
C. Dispute Letter
D. USPS Tracking
E. Clarity's Response to Dispute